WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Anthony Dean Jackson, | No. CV-14-01293-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa, County of, et al., | |
| Defendants. | |

Pending before the Court are various motions filed by Plaintiff Anthony Jackson and one motion filed by Defendant Maricopa County. No further briefing is pending or necessitated by the Federal Rules of Civil Procedure. After careful consideration of all information presented, the Court has ruled on the following motions: (i) Plaintiff's Motion for Summary Judgment (Doc. 6); (ii) Plaintiff's Motion for Judgment on the Pleadings (Doc. 11); (iii) Defendant Maricopa County's Motion to Dismiss for Failure ot [sic] State a Claim (Doc. 12); (iv) Plaintiff's Motion for Judgment on the Pleadings (The Sequel) (Doc. 14); and (v) Plaintiff's Motion for Discovery (Doc. 17). Consents to the exercise of jurisdiction by a U.S. Magistrate Judge have been filed by all appearing parties (Docs. 5, 9, and 10).

**BACKGROUND**

On June 9, 2014, Plaintiff filed a Petition for an Injunction (Doc. 1) seeking an injunction against Maricopa County and Maricopa County Superior Court for alleged

harassment and defamation arising from Plaintiff's criminal conviction and sentence entered in 1996 in Maricopa County Superior Court Case No. CR1995-008205. Plaintiff has served his full sentence. However, Plaintiff argues that he should not have been convicted of the crimes for which the jury found him guilty. Plaintiff alleges that the existence of his conviction constitutes harassment and defamation for which Defendants should be liable.

On August 18, 2014, Plaintiff filed a Motion for Summary Judgment (Doc. 6) requesting that his criminal convictions be dismissed or reversed and remanded for a new criminal trial and that he be reimbursed court costs of $7,000.00 because Defendants have not filed an Answer. Defendant Maricopa County filed a Notice of Appearance and Notice Regarding Failure to Properly Serve Complaint on August 25, 2014 (Doc. 7). A Waiver of Service of Summons (Doc. 3) was filed unsigned on June 10, 2014.

In response to Defendant Maricopa County's Notice Regarding Failure to Properly Serve Complaint (Doc. 7), Plaintiff filed a Motion for Judgment on the Pleadings (Doc. 11) on September 8, 2014. Plaintiff asserts that since Defendant received the Waiver (Doc. 3), Defendant has a duty to waive service. Plaintiff indicates that Plaintiff "has no intentions of spending $75 or sending the clerk a summons for its signature or the Court's seal." Instead, Plaintiff requests that the Court find Defendant Maricopa County in contempt of Court, order the County Attorney to serve seven days in jail, and grant Plaintiff's Petition for an Injunction (Doc. 11 at p. 5).

Defendant Maricopa County responded to Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) in its Response to Motion for Judgment on the Pleadings (Doc. 13) filed September 12, 2014. Plaintiff's reply is contained in his Motion for Judgment on the Pleadings (The Sequel) (Doc. 14) filed September 22, 2014. The Motion for Summary Judgment (Doc. 6) and Motion for Judgment on the Pleadings (Doc. 11) are deemed submitted.

Defendant Maricopa County filed a Motion to Dismiss for Failure ot [sic] State a Claim (Doc. 12) on September 12, 2014. Plaintiff responded to the Motion to Dismiss

(Doc. 12) in his Motion for Judgment on the Pleadings (The Sequel) (Doc. 14) filed on September 22, 2014. Defendant Maricopa County filed a Reply in Support of Defendant Maricopa County's Motion to Dismiss (Doc. 15) on September 30, 2014. The Motion to Dismiss (Doc. 12) is deemed submitted.

## DISCUSSION

### I. Defendant Maricopa County's Motion to Dismiss is Granted

#### A. Lack of Subject Matter Jurisdiction

In its Motion to Dismiss for Failure ot [sic] State a Claim (Doc. 12), Defendant Maricopa County moves for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court will first consider this motion because a finding that the court lacks jurisdiction would render all other objections and defenses moot, including the defense of sovereign immunity. 5B C. Wright and A. Miller, *Federal Practice and Procedure,* § 1350 (3d ed. 2014); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (1998) (it is improper to decide the merits of a case before finding jurisdiction, even if the merits question is more readily resolved and the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied).

Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kekkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983) (the defense of lack of subject matter may be raised at any time, and the court is under a continuing duty to examine its jurisdiction).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proof that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.,* 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either (i)

diversity jurisdiction or (ii) federal question jurisdiction.

### 1.  There is No Diversity Jurisdiction

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states and the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.  *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").  The goals of the amount-in-controversy requirement serve both to preserve the jurisdiction exercised by the state courts and to limit the size of the diversity caseload in federal courts.  *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 861 (9th Cir. 2001). Here, Plaintiff lists a California address in his pleadings.  Even if Plaintiff is a resident of a different state in which Defendants are organized, the amount-in-controversy does not exceed $75,000.  Therefore, there is no diversity jurisdiction in this case.

### 2. Plaintiff's Suit Does Not Present a Federal Question

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  *Republican Party of Guam v. Gutierrez,* 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8–9 (1983)).  Merely alleging a constitutional violation, however, is insufficient.  The Court's "limited jurisdiction cannot be invoked so simplistically." *Yokeno v. Mafnas,* 973 F.2d 803, 807 (9th Cir. 1992); *see also Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813 (1986) (it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction").  To present a federal question, the complaint must present a substantial dispute over the effect of federal law, and the result must turn on the federal

question.  *Berg v. Leason,* 32 F.3d 422, 423 (9th Cir.1994).

Further, federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts.  *MacKay v. Pfeil,* 827 F.2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923) (jurisdiction possessed by the District Courts is strictly original; entertaining a proceeding to reverse or modify state court judgment would be an exercise of appellate jurisdiction).

This doctrine applies even when the challenge to the state court decision involves federal constitutional issues.  *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983) (U.S. District Courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional).  The rationale for this rule is that state courts are as competent as federal courts to decide federal constitutional issues. *Worldwide Church of God v. McNair,* 805 F.2d 888, 891 (9th Cir. 1986).  "[A]ny other rule would result in a waste of judicial resources and unnecessary friction between state and federal courts." *Id.*

Here, construing Plaintiff's pleadings liberally, Plaintiff appears to be requesting relief pursuant to (i) State of Arizona statutes pertaining to harassment and defamation, (ii) Title 18 U.S.C. §§ 241 and 242, and (iii) the 6th Amendment of the U.S. Constitution. In his Petition for an Injunction (Doc. 1 at p. 1), Plaintiff states that he "seeks an injunction against the defendants for harassment pursuant to § 12-1809(A), and defamation pursuant to § 12-1809(S) and § 23-1325; Arizona Rules of Civil Procedure." In his Motion for Judgment on the Pleadings (The Sequel) (Doc. 14 at p. 2), Plaintiff references Title 18 U.S.C. §§ 241 and 242 (criminal statutes pertaining to conspiracy against civil rights).  Plaintiff then states that this "Court has jurisdiction to make rulings in complaints alleging violations of the United States Codes [sic] in addition to violations

of the 6th Amendment." (Doc. 14 at p. 2)

First, the Court does not have jurisdiction over Plaintiff's state law claims. Second, private citizens cannot prosecute criminal statutes such as Title 18 U.S.C. §§ 241 and 242. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (no private civil right of action under §§ 241 and 242); *Linda R.S. v. Richard D*., 410 U.S. 614, 614 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Finally, Plaintiff's reference to the 6th Amendment is insufficient to confer subject matter jurisdiction to the Court as the reference is tied to Plaintiff's allegation that he was wrongly convicted. This Court cannot serve as a review mechanism for Plaintiff's criminal conviction in the procedural manner pursued by Plaintiff in his Petition for an Injunction (Doc. 1). The proper forum for the relief Plaintiff seeks has been utilized multiple times by the Plaintiff without success both by direct appeal and petitions for post-conviction relief.

Plaintiff has not raised a federal question as set forth in 28 U.S.C. § 1331. Where, as here, the complaint fails to allege any substantive ground for federal jurisdiction, and diversity is lacking, the court has no jurisdiction to allow leave to amend. *Morongo Band of Mission Indians v. California State Bd. of Educ.,* 858 F.2d 1376, 1380-81 (9th Cir. 1988). Defendant Maricopa County's motion to dismiss for lack of subject matter jurisdiction is therefore granted. Even if the Court did have subject matter jurisdiction, other insurmountable barriers to Plaintiff's action are discussed below.

**B. Failure to State a Claim**

Defendant Maricopa County also moves for dismissal of Plaintiff's action based on a failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 12) A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). The court may dismiss all or part of a complaint sua sponte if the plaintiff's claims lack an arguable basis in either fact or law. *See Neitzke v. Williams,* 490 U.S. 319,

327–28 (1989); *see also* 28 U.S.C. § 1915(e)(2).  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of legal interest which clearly does not exist).  *Id.*; *see also McKeever v. Block,* 932 F.2d 795, 798 (9th Cir. 1991).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff.  *See Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989).  Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim–Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard of *Haines* applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n. 9 (1989).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend.  *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).  If, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *See Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995); *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

Here, as Plaintiff is arguing that he is entitled to damages and injunctive relief because he was allegedly wrongfully convicted, the Court must consider the U.S. Supreme Court case *Heck v. Humphrey,* 512 U.S. 477 (1994).  In *Heck*, the U.S. Supreme Court held that to recover damages for an unconstitutional conviction or imprisonment, or for other harm caused by unlawful conduct that would render a conviction or sentence

invalid, a plaintiff must prove that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. *Heck* recognizes the longstanding principle that valid criminal convictions are not properly subject to collateral attack through civil tort actions. *Id.* at 486.

Although *Heck* itself only involved a claim for damages, the U.S. Supreme Court has extended its underlying principle to apply regardless of the type of remedy sought. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Whitaker v. Garcetti,* 486 F.3d 572, 584 (9th Cir. 2007) ("[T]he sole dispositive question [regarding application of the *Heck* doctrine] is whether a plaintiff's claim, if successful, would imply the invalidity of his conviction."). Further, a showing that Plaintiff has fully served his sentence in connection with the conviction at issue here would not remove Plaintiff's claim from the requirements of *Heck. See Guerrero v. Gates,* 442 F.3d 697, 704–05 (9th Cir. 2003) (holding that "[t]he fact that [plaintiff] is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift *Heck's* bar").

Applying *Heck*, the Court finds that Plaintiff's claim constitutes an attack upon his conviction and that a ruling that Defendants' actions were unlawful would necessarily invalidate that conviction. Plaintiff has made no showing that his conviction has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus. Plaintiff's suit is therefore barred by *Heck* as success in this case would necessarily imply that his conviction was invalid.

Finally, in addition, there is no evidence that Plaintiff has filed a notice of claim pursuant to A.R.S. § 12-821.01. A.R.S. § 12-821.01(A) requires that any person who intends to file a civil suit against a public entity must file a notice of claim within 180 days after the cause of action accrues. A claim that is filed after the 180 period "is barred and no action may be maintained." *Id.* The one year statute of limitations for defamation under A.R.S. § 12-541(1) has also run. *See Larue v. Brown*, 333 P.3d 767, 770 (Ariz. Ct.

App. 2014) (a plaintiff has one year after a defamation action accrues to commence and prosecute his claim; the statute of limitations for a defamation action begins to run upon publication of the defamatory statement).

Accepting as true all the material allegations of Plaintiff's Petition for an Injunction (Doc. 1), and drawing all reasonable inferences therefrom in Plaintiff's favor, the Court finds that Plaintiff has failed to state a claim for relief against Defendants Maricopa County and Maricopa County Superior Court.  Defendant Maricopa County's Motion to Dismiss for Failure ot [sic] State a Claim (Doc. 12) is therefore granted.  Leave to amend is not granted because Plaintiff's claims cannot be cured by the allegation of additional facts.

**II.  Named Defendant Maricopa County Superior Court is Not an Entity that Can be Sued**

Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity for an entity other than an individual or corporation to sue or be sued is determined by the law of the state where the court is located.  As this Court is located in the State of Arizona, the capacity for Defendant Maricopa County Superior Court to be sued is determined by Arizona law.

Arizona Revised Statute Title 12, Article 2, permits an aggrieved plaintiff to assert a cause of action against any public entity or public employee in Arizona.  A.R.S. § 12-820(7) defines a "public entity" as including "this state and any political subdivision of this state."  A.R.S. § 12-820(8) defines "State" as "this state and any state agency, board, commission, or department."  As held by the Arizona Supreme Court in *Yamamoto v. Santa Cruz Cty. Bd. Of Sup'rs*, 124 Ariz. 538, 539 (1979), a State Superior Court does not fall within the definition of a "public entity" and, therefore, cannot be sued.  Allowing Plaintiff to amend his Petition for Injunction (Doc. 1) to name the proper party would be futile as Plaintiff's suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the statute of limitations under A.R.S. § 12-541(1).

Even if Plaintiff's claims are liberally construed as brought pursuant to 42 U.S.C.

§ 1983, they must also be dismissed.  The State of Arizona and its officials acting in their official capacities are not "persons" within the meaning of § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Mulleneaux v. State,* 950 P.2d 1156, 1159 (Ariz. Ct. App. 1997) (§ 1983 complaint did not state a cause of action against State of Arizona or the Arizona Attorney General); *Carrillo v. State*, 817 P.2d 493, 498 (Ariz. Ct. App. 1991) (§ 1983 actions may not be maintained against the State of Arizona).

Moreover, the State of Arizona is immune from suit pursuant to the Eleventh Amendment to the U.S. Constitution, which prohibits a private litigant from maintaining a lawsuit against a state (or state agency) without the state's consent.  *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978).  Any claims brought against a judge in his or her individual capacity must also be dismissed as they are barred by the doctrine of absolute judicial immunity.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (judges are absolutely immune from liability for acts within their judicial roles).

**III.  Plaintiff's Motion for Summary Judgment and Motion for Judgment on the Pleadings are Now Moot.   Even if Not Moot, the Motions are Premature and Procedurally Deficient.**

As Plaintiff's Petition for Injunction (Doc. 1) is dismissed for the above reasons, Plaintiff's Motion for Summary Judgment (Doc. 6) and Motion for Judgment on the Pleadings (Doc. 11) are now moot.  Even if not moot, Plaintiff's motions are premature and procedurally deficient.

The Court finds that Plaintiff failed to properly serve the Defendants with Plaintiff's Petition for an Injunction (Doc. 1) as required by Rule 4, Federal Rules of Civil Procedure.  No Answer has been filed.  Further, Rule 56.1 of the Local Rules of Civil Procedure states that "any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies on in support of the motion."  Rule 56.1 further states that a "failure to submit a separate statement of facts in this form may constitute grounds for the

denial of the motion." Even though Plaintiff is representing himself, he is still bound by the Rules of Civil Procedure. *See American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1107 (9th Cir. 2000) (a pro se litigant is not excused from knowing the most basic pleading requirements); *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir. 1997) (*pro se* litigants are not excused from following court rules).

Plaintiff failed to file a separate statement of facts with his Motion for Summary Judgment (Doc. 6) in accordance with Rule 56.1 of the Local Rules of Civil Procedure. Plaintiff's Motion for Summary Judgment (Doc. 6) is denied as it is moot, premature, and procedurally deficient.

Rule 12(c) of the Federal Rules of Federal Procedure states that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." The pleadings have not closed in this case. Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) is therefore also denied as it is moot and premature.

## CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendant Maricopa County's Motion to Dismiss for Failure ot [sic] State a Claim (Doc. 12).

**IT IS ORDERED** dismissing Plaintiff's Petition for an Injunction (Doc. 1) with prejudice as to Defendants Maricopa County and Maricopa County Superior Court. Plaintiff's Motion for Discovery (Doc. 17) is, therefore, moot, and

**IT IS ORDERED** denying Plaintiff's Motion for Discovery (Doc. 17).

**IT IS ORDERED** denying Plaintiff's Motion for Summary Judgment (Doc. 6).

**IT IS ORDERED** denying Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) and Plaintiff's Motion for Judgment on the Pleadings (The Sequel) (Doc. 14), to the extent the second Motion for Judgment on the Pleadings is posited as a separate motion for judgment on the pleadings rather than a response.

**IT IS FURTHER ORDERED** that the Clerk enter judgment dismissing this

action with prejudice.  The Clerk shall terminate this action.

Dated this 17th day of December, 2014.

_____

Eileen S. Willett
United States Magistrate Judge